PEDRO BENNETT, Plaintiff

v.

ELDRIGE WAITE, Commissioner of Public Safety, Defendant

Civil No. 251-1972

District Court of the Virgin Islands

Div. of St. Croix

April 18, 1975

Attorney General Office, Assistant Attorney General, JAMES N. VANDAM of counsel, St. Thomas, V.I.

BRYANT, COSTELLO, BURKE & SCOTT, ESQS. (BRITAIN BRYANT of counsel), Christiansted, St. Croix, V.I.

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

Pedro Bennett has moved pursuant to 28 U.S.C. § 2255 that he be returned from confinement in the United States to correctional facilities in the Virgin Islands. Bennett challenged the authority of the Commissioner of Public Safety to order his confinement in United States prisons. The Third Circuit Court of Appeals ruled that 5 V.I.C. § 4501 clearly authorizes the Commissioner of Public

Safety to order Bennett's confinement in United States prisons upon a finding that local facilities are inadequate. Bennett v. Waite (3rd Cir.) 74-1541, January 3, 1975. The case was remanded for a determination as to the adequacy of the local facilities.

Commissioner of Public Safety, Alphonso Christian determined that the Virgin Islands facilities were inadequate for Bennett's confinement, primarily for lack of space and secondarily, but of equal importance, for lack of adequate security within the Golden Grove Adult Correctional Facility to handle prisoners requiring maximum security.

An evidentiary hearing was held on the Commissioner's determination on April 2, 1975. Bennett, through his appointed attorney, Joseph Costello, Esq., challenged the propriety of Bennett's original transfer to prison in the United States. That issue was not raised in the § 2255 motion sub judice and is not before me. Evidence was taken at the hearing as to the capacity of the Golden Grove Adult Correctional Facility.[1] From that evidence I find that the facility is now operating at its maximum capacity, making a necessary allowance for a few empty cells to handle the fluctuating needs of the law enforcement agencies. I also find that were all of the Virgin Islands prisoners presently incarcerated in the United States to be returned to the Virgin Islands, the Golden Grove Adult Correctional Facility would not be able to accommodate them.[2] Evidence was also received by me regarding Ben-

---

[1] The inmate capacity of the new Adult Correctional Facility is 108 males and 16 females. On the date of the hearing there were 112 males in the facility and 2 females. There are four domitories with 24 cells each for males in the facility. Pre-trial detainees are kept separately from the permanent population and are placed two in a cell. The permanent male population are in individual cells. The segregation cells (5) are used to take care of short term over-flows.

[2] There are 18 persons convicted of crimes in the Virgin Islands serving sentences for those convictions in institutions outside of the Virgin Islands. Memorandum Letter of Commissioner of Public Safety, Alphonso Christian to the Court, February 26, 1975.

nett's behavioral history in United States prisons. His most recent Progress Report to the Bureau of Prisons of the Department of Justice indicates that Bennett has a difficult management problem and that, by reason of his conduct, he is now incarcerated in a maximum security prison.[3] Evidence was also received by me as to the lack of adequate segregation facilities at the Golden Grove Facility.

I entered findings of fact and conclusions of law in the record at the conclusion of the evidence and arguments of counsel. My reasons are stated more fully in the record of the April 2, 1975 hearing, chiefly they are that there is substantial evidence to support the Commissioner's determination that the facilities in the Virgin Islands are inadequate for the confinement of Bennett for two independent reasons—crowding in the Golden Grove facility and lack of proper control facilities for potentially difficult prisoners. Therefore, I conclude that the Commissioner of Public Safety did not abuse his discretion in making his determination not to have Bennett returned to the Virgin Islands.

### ORDER

For the aforesaid reasons, it is hereby

ORDERED that the Motion of Pedro Bennett made pursuant to 28 U.S.C. § 2255 be DENIED.

---

[3] Mr. Bennett is presently incarcerated at the United States Penitentiary, Marion, Illinois. He was transferred to that institution as a result of the assault and stabbing of another inmate. Letter of R. L. Aaron, Warden of the U.S. Penitentiary, Marion, Illinois to Alphonso Christian, Feburary 24, 1975.